UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**KESLINE JOSEPH,**                                    Case No.:

     Plaintiff,

     v.

**VPNE PARKING SOLUTIONS, LLC,**

     Defendant.

_____/

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff, KESLINE JOSEPH ("Plaintiff" and/ or "JOSEPH"), by and through undersigned counsel, sues Defendant, VPNE PARKING SOLUTIONS, LLC (hereinafter "Defendant" and/or "VPNE"), and alleges as follows:

## NATURE OF ACTION

1. This action is brought under 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII); and the Florida Civil Rights Act §760.01, et seq., Florida Statutes (FCRA); to redress unlawful employment practices toward Plaintiff, including but not limited to discrimination and discharge from employment.

## JURIDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) 42 U.S.C. § 1981; and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII).

3. The Southern District of Florida, Miami-Dade Division is proper under 28 U.S.C. § 1391 (b)(1) because Defendant is a resident of, has agents, and/ or transacts their affairs in this district.

4. Venue is proper because under 28 U.S.C. § 1391 (b)(2) because all or a substantial part of the events giving rise to this cause occurred in this district.

## PARTIES

5. Plaintiff is an individual residing in Miami

6. Plaintiff is and was a resident of Miami-Dade County, Florida for all times relevant to this action.

7. At all times relevant to this action, Plaintiff was an employee of Defendant.

8. Defendant is a For Profit Corporation authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

## STATEMENT OF FACTS

9. Plaintiff brings forth this action in Federal Court pursuant to FMLA, Title VII and FCRA.

10. Plaintiff is a Black woman of Haitian national origin.

11. On or around March 20, 2018, Plaintiff JOSEPH began working for Defendant as a Shuttle Bus Driver.

12. In or around 2018, Defendant's employees began subjecting Plaintiff to comments regarding her race and national origin.

13. Over the course of Plaintiff's employment, Defendant's Manager Jennifer Munoz (hereinafter referred to as "MUNOZ") made comments about Plaintiff's race and national origin.

14. At all relevant times, Defendant's MUNOZ is a Hispanic woman.

15. At all relevant times, Plaintiff objected to Defendant's employees' discriminatory comments and conduct.

16. MUNOZ terminated Black and Haitian employees and hired only Hispanic workers. Black and Haitian- American workers were written up for minor infractions, MUNOZ did not write up the Hispanic workers who committed the same or similar infractions.

17. At all times relevant to this complaint, Plaintiff JOSEPH feared being terminated by Defendant's MUNOZ.

18. At all relevant times, Defendant's MUNOZ regularly communicated with Plaintiff JOSEPH and other employees using an application named WHATSAPP.

19. At all relevant times, Plaintiff JOSEPH was pregnant with her third child.

20. At all relevant times, Defendant's MUNOZ held supervisory authority over Plaintiff JOSEPH and controlled the terms of Plaintiff JOSEPH'S employment.

21. At all relevant times, Plaintiff JOSEPH was able to carry out the duties associated with Plaintiff JOSEPH'S job.

22. In or around November 2018, Plaintiff JOSPEH informed Defendant and Defendant's MUNOZ that she was pregnant and that her due date was March 29, 2019.

23. Plaintiff JOSEPH informed Defendant's MUNOZ of her intention to continue working until March 20, 2019.

24. Plaintiff JOSEPH informed Defendant's MUNOZ of her intention to take advantage of the Family and Medical Leave Act ("FMLA").

25. MUNOZ in response stated, "IF YOU RESIGN, AFTER YOU GIVE BIRTH AND A POSITION IS OPEN, I WILL REHIRE YOU." Plaintiff JOSEPH declined the offer to resign because being rehired was not guaranteed.

26. Defendant MUNOZ continuously asked Plaintiff JOSEPH to resign, to which Plaintiff JOSEPH declined.

27. Defendant MUNOZ informed Plaintiff JOSEPH that the Department of Labor would not allow a pregnant woman to work up until her due date.

28. Plaintiff JOSEPH knew that not to be the truth and continued working.

29. At all relevant times, Defendant and Defendant's MUNOZ regularly harassed Plaintiff JOSEPH.

30. At all relevant times, Defendant's MUNOZ assigned Plaintiff JOSEOH additional tasks because Plaintiff JOSEPH refused to resign.

31. At all relevant times, Defendant MUNOZ told Plaintiff JOSEPH she was no longer allowed to sit down even if she had no assigned tasks.

32. Plaintiff JOSEPH could not sit in the office to wait for the next assignment.

33. As a result of Plaintiff JOSEPH'S pregnancy announcement, Plaintiff JOSEPH was told that she could not sit "JUST AROUND," and instead was told to clean the various shuttles, even the ones she did not drive.

34. At all relevant times, Defendant MUNOZ would monitor and control Plaintiff JOSEPH'S bathroom usage.

35. At all relevant times, Defendant's MUNOZ yelled at and berated Plaintiff JOSEPH in the presence of other employees.

36. At all relevant times, Defendant's MUNOZ called Plaintiff JOSEPH "LAZY."

37. On or about December 14, 2018, Plaintiff JOSEPH requested two-weeks unpaid leave, Defendant's MUNOZ denied Plaintiff JOSEPH'S request.

38. On or about December 15, 2018, Defendant's MUNOZ approached Plaintiff JOSEPH and asked Plaintiff JOSEPH to resign from her position.

39. Again, Plaintiff JOSEPH chose not to resign because she needed her job to support herself and her three (3) children.

40. Plaintiff JOSEPH reminded Defendant's MUNOZ of her intention of working until March 20, 2019 as to qualify for FMLA.

41. Defendant's MUNOZ began screaming at Plaintiff JOSEPH, telling her that she was "DISRESPECTFUL," that she needed to learn how to "LOOK AT HER WHEN SHE IS TALKING" and that she would report Plaintiff JOSEPH to the Defendant's corporate office.

42. On or about December 20, 2018, Defendant's MUNOZ sent a text message to Plaintiff JOSEPH to come to work at 1:00 p.m., Plaintiff JOSEPH was always scheduled to begin working at 7:00 am. Defendant's MUNOZ began cutting Plaintiff JOSEPH's scheduled hours.

43. On or about December 20, 2018, Defendant's MUNOZ told Plaintiff JOSEPH that she was a "NO SHOW FOR THE 7:00 AM SHIFT." Defendant's MUNOZ then informed Plaintiff JOSEPH that she would receive a write up for the no show.

44. On or about December 20, 2018, Defendant's MUNOZ called another supervisor ("ONEIL") to witness the write up. Defendant's ONEIL called Plaintiff JOSEPH a "FAGGOT."

45. Plaintiff JOSEPH then reported the incident to her direct supervisor that day, Felicia. Defendant's FELICIA stated the Defendant's MUNOZ "WANTS TO FIRE YOU, BECAUSE YOU DIDN'T GIVE HER THE LETTER SHE ASKED FOR."

46. Defendant's FELICIA was referring to the letter of resignation that Defendant's MUNOZ demanded.

47. On or about December 29, 2018, while at work, Plaintiff JOSEPH received an emergency call from her children's babysitter stating that her son had an asthma attack and needed a new treatment pump because the other one was finished.

48. Plaintiff JOSEPH informed the on-site supervisor that she needed to go home to administer her child's medication and would return within 45 minutes.

49. The on-site supervisor said to go, but to call Defendant's MUNOZ to inform her. Plaintiff JOSEPH called but Defendant's MUNOZ did not answer. Plaintiff JOSEPH then sent Defendant's MUNOZ a text message (via WHATSAPP), to which Defendant's MUNOZ read but did not respond.

50. While at home, Defendant's MUNOZ returned Plaintiff JOSEPH'S text message (via WHATSAPP) informing Plaintiff JOSEPH that she should not return to work until further notice.

51. On or about December 30, 2018, Plaintiff JOSEPH contacted Defendant's President Kevin Leary in the Defendant's Human Resource office. Plaintiff JOSEPH explained the harassment and hostile work environment that Defendant's MUNOZ created. Plaintiff JOSEPH then explained that Defendant's MUNOZ terminated her employment.

52. On or about December 30, 2018, Defendant's KEVIN returned Plaintiff JOSEPH's email explaining that Joyce McCarthy, Defendant's Chief Human Resources Officer will follow up with her.

53. On or about December 30, 2019, Defendant's Human Resources Officer contacted Plaintiff JOSEPH and asked if she was still interested in keeping the job. Plaintiff JOSEPH said "YES", and Defendant's KEVIN explained that Defendant's MUNOZ would contact her and tell her when Plaintiff JOSEPH should return to work.

54. On January 5, 2019, Defendant's MUNOZ sent a message to Defendant's VPNE group chat on WhatsApp at 12:39 pm, stating that Plaintiff JOSEPH was a "NO SHOW FOR THE DAY."

55. Plaintiff JOSEPH responded that Defendant's Kevin stated that Defendant's MUNOZ would contact Plaintiff JOSEPH and tell Plaintiff JOSEPH when to return to work.

56. On or about January 6, 2019 at 6:28 am, Defendant's MUNOZ sent a message directly to Plaintiff JOSEPH (via WhatsApp) stating, "GOOD MORNING KESLINE PLEASE YOU DON'T HAVE TO COME IN THIS MORNING WEVE COME UP WITH A DECISION IM SORRY I HAVE TO LET YOU GO, BEST WISHES THANK YOU."

57. At all times material, Claimant opposed JOSEPH'S discriminatory remarks and harassment, but Defendant's MUNOZ persisted in her discriminatory behavior.

58. On or around December 26, 2017, Plaintiff JOSEPH filed an EEOC Charge of discrimination against the Defendant.

59. On or around July 16, 2019, Plaintiff JOSEPH received the Notice of Suit Rights from the EEOC.

60. Plaintiff JOSEPH claims actual discharge.

61. Defendant discriminated against Plaintiff on the basis of Plaintiff's pregnancy. Defendants retaliated against Plaintiff for Plaintiff's complaints of discrimination. Further, Defendants interfered with and retaliated against Plaintiff for attempting to exercise Plaintiff's protected right under the ADA and to intermittent FMLA leave.

62. That as a result of Defendant's conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

63. Plaintiff JOSEPH went into premature labor as a result of the stressful environment created by Defendant and Defendant's MUNOZ.

64. Plaintiff suffers from regular panic attacks and nightmares relating to Defendant's conduct.

65. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

66. As a result of the acts and conduct complained of herein, Plaintiff JOSEPH has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff JOSEPH has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff JOSEPH further experienced severe emotional and physical distress.

67. Plaintiff further claims aggravation, activation and exacerbation of a preexisting condition.

68. As a result of the above, Plaintiff JOSEPH has been damaged in an amount in excess of the jurisdictional limits of all lower Courts.

69. Defendant's conduct has been malicious, willful, and/or outrageous, and conducted with full knowledge of and reckless indifference of the law.  As such, Plaintiff JOSEPH demands Punitive Damages as against Defendant.

70. The above are just some of the examples of the discrimination and retaliation to which Defendant subjected Plaintiff.

## AS A FIRST CAUSE OF ACTION
## FMLA INTERFERENCE

71. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 70 and further alleges as follows.

72. Plaintiff was employed by the VPNE, an entity which qualifies as an "employer," as that term is defined in FMLA, 29 U.S.C. § 2611(4), because it is "engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year," and as such is subject to the FMLA.

73. Plaintiff JOSEPH is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2)(a), because she has been employed for at least 12 months by Jackson for at least 1,250 hours of service during the [previous] 12-month period.

74. JOSEPH was considered a good and effective employee by Defendant.

75. At all times relevant to the alleged in this complaint, Plaintiff JOSEPH put Defendant on notice that Plaintiff would be entitled to and need FMLA as of March 20, 2019 and required ongoing visits to her doctor.

76. Plaintiff gave VPNE the information regarding her pregnancy as soon as she received it from the treating physician.

77. VPNE failed to provide Plaintiff JOSEPH with the time to exercise her entitled right to FMLA for the 12 weeks she was entitled to.

78. VPNE did not request medical certification from Plaintiff at any time following Plaintiff's FMLA request.

79. At all times relevant to the alleged in this complaint, Plaintiff suffered from one or more serious health conditions which required Plaintiff to miss work and required continuing medical treatment as entitled by FMLA.

80. Plaintiff provided Defendant with enough information for Defendant to know that her potential continued leave may be covered by FMLA.

81. Defendant terminated Plaintiff within a month after Defendant was put on notice of Plaintiff's right to FMLA.

82. Plaintiff was denied the leave to which she was entitled to under 29 U.S.C. § 2612; VPNE effectively interfered with Plaintiff's FMLA rights.

83. Defendant's actions were willful, knowingly, and voluntarily done with malice or reckless disregard for Plaintiff's rights.

84. Plaintiff has been damaged as a result of VPNE'S actions in violating the FMLA by wrongfully terminating the Plaintiff and is entitled to liquidated damages, costs of suit pursuant to 29 U.S.C. § 2617 (a)(3) and for reasonable attorney's fees pursuant to 29 U.S.C. § 2617 (a)(3).

## AS A SECOND CAUSE OF ACTION
## DISCRIMINATION UNDER
## THE AMERICANS WITH DISABILITIES ACT

85. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 70 and further alleges as follows.

86. Plaintiff claims VPNE violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

87. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

88. Section 102 continues: "As used in subsection (a) of this section, the term 'discriminate

against a qualified individual on the basis of disability' includes … (4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."

89. Plaintiff JOSEPH was repeatedly asked to resign after her announcement of her pregnancy.

90. Defendant's MUNOZ continuously yelled at and berated Plaintiff JOSEPH as a result of her pregnancy.

91. Defendant MUNOZ failed to accommodate Plaintiff JOSEPH'S bathroom usage by restricting her bathroom use.

92. Defendant MUNOZ subject Plaintiff JOSEPH to a hostile work environment as a result of her pregnancy.

93. VPNE violated the section cited herein by creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of Plaintiff's pregnancy.

94. Defendant VPNE violated the above and Plaintiff suffered numerous damages as a result.

### AS A THIRD CAUSE OF ACTION
### RETALIATION UNDER
### THE AMERICANS WITH DISABILITIES ACT

**95.** Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 70 and further alleges as follows.

96. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

97. Defendant VPNE terminated Plaintiff JOSEPH because she was pregnant.

98. Defendant VPNE violated the above and Plaintiff suffered numerous damages as a result.

## AS A FOURTH CAUSE OF ACTION

### HOSTILE WORK ENVIRONMENT UNDER
### THE AMERICANS WITH DISABILITIES ACT

99. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 70 above.

100. Defendant and MUNOZ subjected Plaintiff to harassment and the harassment was motivated by Plaintiff JOSEPH'S pregnancy.

101. Defendant and MUNOZ treated Plaintiff JOSEPH harshly and ultimately terminated Plaintiff JOSEPH'S because of her pregnancy.

102. Defendant's MUNOZ often yelled at and berated Plaintiff JOSEPH in the presence of other employees.

103. Defendant and MUNOZ'S discriminatory comments and conduct was not welcomed by Plaintiff JOSEPH.

104. The conduct was so severe and pervasive that a reasonable person in Plaintiff JOSEPH position would find Plaintiff JOSEPH'S work environment to be hostile or abusive.

105. Defendant failed to exercise reasonable care to prevent racial harassment in the workplace by failing to establish an explicit policy against harassment in the workplace on the basis of race, failing to fully communicate the policy to its employees, and/ or failing to provide a reasonable way for Plaintiffs to make a claim of harassment to higher management, and failing to take reasonable steps to promptly correct the harassing behavior raised by Plaintiff.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

 a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADA;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADA;

d. Award Plaintiff all compensatory and liquidated damages provided for in the ADA; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

### AS A FIFTH CAUSE OF ACTION

### RACIAL DISCRIMINATION AND HARASSMENT § 1981

106.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 70 above.

107.     This is an action for discrimination and harassment because of race and national origin under Section 1981.

108.      Plaintiff JOSEPH is a Haitian American Black woman.

109.     Plaintiff JOSEPH was the only Black and Haitian Shuttle Bus Driver on staff at VPNE Parking Solutions.

110.     Defendant's MUNOZ yelled at and berated Plaintiff JOSEPH on account of her race and national origin.

111.     At all times relevant, Plaintiff JOSEPH was treated differently because her race and her Haitian background.

112.     Defendant's MUNOZ reduced Plaintiff JOSEPH'S hours while allowing the white Hispanic workers to maintain their hours.

113.     After Plaintiff JOSEPH'S termination, Defendant MUNOZ replaced Plaintiff JOSEPH with a white Hispanic employee.

114.     Defendant and Defendant's MUNOZ subjected Plaintiff JOSEPH to a hostile work environment because she is a Black woman.

115.     Defendant constantly enforced a purposefully discriminatory pattern and practice of depriving Black individuals of the equal rights described therein, in further violation of 42 U.S.C. §1981.

116.     As a result of Defendant's discrimination in violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's contractual relationship which provided substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling Plaintiff to compensatory damages.

117.     As alleged above, Defendant acted with malice or reckless indifference to the rights of the Plaintiff and copious other individuals named herein, thereby entitling Plaintiff to an award of punitive damages.

118.     Defendants violated the above and Plaintiff suffered numerous damages as a result.

119.     Plaintiff makes a claim against Defendant under all of the applicable paragraphs
         of 42 U.S. Code § 1981.

120.     Plaintiff claims Defendant both unlawfully discriminated against Plaintiff and
         unlawfully retaliated against Plaintiff in violated of 42 USC 1981.

### AS A SIXTH CAUSE OF ACTION

### HOSTILE WORK ENVIRONMENT UNDER § 1981

121.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1
         through paragraphs 70 above.

122.     Here, Defendant's conduct occurred because of Plaintiff's legally protected
         characteristic; and (2) was severe or pervasive enough to make a reasonable person of the
         same legally protected class believe that the conditions of employment were altered, and
         that the working environment was intimidating, hostile or abusive.

123.     The harassing conduct was directly connected to Plaintiff JOSEPH'S race and
         national origin.

124.     Defendant delegated Defendant's MUNOZ the supervisory authority to control
         Plaintiff JOSEPH'S work environment. Defendant abused that authority by creating a
         hostile work environment. A reasonable person subjected to Plaintiff JOSEPH'S working
         environment would believe Defendant's conduct was severe or pervasive enough to have
         altered the terms and conditions of employment and render the working environment
         intimidating, hostile or abusive.

125.     Defendant's discriminatory conduct was not welcomed by Plaintiff JOSEPH.

126.     As a result of the hostile work environment, Plaintiff suffered a "tangible
         employment action" defined as a significant change in employment status, failure to

promote, reassignment with significantly different responsibilities, and/or a decision causing a significant change in benefits.

127.      Defendant failed to exercise reasonable care to prevent racial harassment in the workplace by failing to establish an explicit policy against harassment in the workplace on the basis of race, failing to fully communicate the policy to its employees, and/ or failing to provide a reasonable way for Plaintiffs to make a claim of harassment to higher management, and failing to take reasonable steps to promptly correct the harassing behavior raised by Plaintiff.

128.      As a result of Defendant's violations of § 1981, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

### AS A SEVENTH CAUSE OF ACTION

### RETALIATION UNDER § 1981

129.      Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 70 above.

130.      Defendant's MUNOZ discriminated against Plaintiff JOSEPH because she is a black Haitian.

131.      Plaintiff JOSEPH complained about the discriminatory treatments she received based on her race and national origin.

132.      Plaintiff JOSEPH was terminated after she complained about the discriminatory treatment based on her race and national origin.

133.     Shortly after Plaintiff JOSEPH'S complaints, Defendant's MUNOZ terminated Plaintiff JOSEPH.

134.     The retaliatory actions taken against Plaintiff JOSEPH would deter a reasonable person from making or maintaining a complaint of discrimination and/or harassment against Defendant.

135.     Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

          **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

                 a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of 1981; and

                 b. Issue an order prohibiting further discrimination; and

                 c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

                 d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

                 e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS AN EIGHTH CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII

136.    Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 70 of this complaint.

137.    Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

138.    Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her sex.

139.    Defendant's employees regularly made comments about Plaintiff JOSEPH's pregnancy.

140.    Defendant's MUNOZ harassed Plaintiff JOSEPH based on her gender and her pregnancy.

141.    Defendant treated Plaintiff JOSEPH less favorably than similarly situated employees outside the protected class.

142.    Plaintiff JOSEPH exhausted her administrative remedies, including timely filing her complaint with the EEOC and filing her claim in this Court within 90 days of receiving her right-to-sue letter.

143.    Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

144.     Defendant violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

   a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

   b. Issue an order prohibiting further discrimination; and

   c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

   d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

   e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A NINTH CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

145.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 70 above.

146.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

147.    Plaintiff JOSEPH is a woman and, as such, a member of a protected class under Title VII.

148.    Plaintiff JOSEPH complained to MUNOZ and Defendant's Human Resource Officer about how MUNOZ treated he as a result of her complaints of discrimination.

149.    Plaintiff JOSEPH complained to MUNOZ about the comments about the harsh comments and the conduct in retaliation to her complaints to Defendant's Human Resource officer.

150.    Plaintiff engaged in protected activity such as complaining about discrimination based on her gender.

151.    Shortly after Plaintiff JOSEPH made her discrimination and retaliation complaints, Defendant terminated Plaintiff JOSEPH.

152.    Plaintiff JOSEPH exhausted her administrative remedies, including timely filing her complaint with the EEOC and filing her claim in this Court within 90 days of receiving her right-to-sue letter.

153.    Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A TENTH CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER TITLE VII

154.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 70 above.

155.     The Civil Rights Act of 1964 prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

156.     Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

157.     The harassing conduct was directly connected to Plaintiff JOSEPH gender.

158.     Plaintiff JOSEPH did not welcome Defendant's employees conduct or comments.

159.     Defendant delegated MUNOZ the supervisory authority to control Plaintiff
JOSEPH' work environment. Defendant abused that authority by creating a hostile work
environment. A reasonable person subjected to Plaintiff JOSEPH' working environment
would believe Defendant's conduct was severe or pervasive enough to have altered the
terms and conditions of employment and render the working environment intimidating,
hostile or abusive.

160.     As a result of Defendant's violations of The Civil Right Act of 1964, Plaintiff has
suffered damages, including, but not limited to: past and future lost wages, mental pain and
suffering; humiliation; emotional distress; diminishment of career opportunities; harm to
business reputation; loss of self-esteem; disruption to his family life; and other harm, pain
and suffering, both tangible and intangible.

   **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

   a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation
   of Title VII of the Civil Rights Act of 1964; and

   b. Issue an order prohibiting further discrimination; and

   c. Order equitable relief including but not limited to back pay, reinstating Plaintiff
   with all promotions and seniority rights to which he is entitled, or award front pay
   in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C.
   2000e-5; and

   d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5;
   and

   e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment
   interest and such other and further relief as the Court deems proper.

## AS AN ELEVENTH CAUSE OF ACTION

## DISCRIMINATION UNDER FCRA

161.    Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 70 above.

162.    This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her state rights under the Florida Civil Rights Act ("FCRA"), to include the remedies in §760.01, et seq., Florida Statutes.

163.    Plaintiff is an individual of woman and is therefore a member of protected classes within the meaning of the applicable law.

164.    At all times relevant, Plaintiff was an employee under the FCRA.

165.    Plaintiff is and was protected against discrimination under the FCRA.

166.    At all times relevant, Plaintiff JOSEPH was qualified to do her job and other jobs at Defendant.

167.    At all times relevant, Defendant treated Plaintiff differently because of her gender and disability.

168.    Defendant's discrimination against Plaintiff was willful or with reckless indifference to his protected rights.

169.    Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

    **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

 e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A TWELVTH CAUSE OF ACTION

## RETALIATION UNDER FCRA

170.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 70 above.

171.     Defendant took adverse employment actions against Plaintiff JOSEPH because she complained about the sex discrimination and hostile work environment; i.e., because she engaged in activities protected by the FCRA.

172.     Defendant terminated Plaintiff JOSEPH within two (2) weeks of her formal complaint of gender and disability discrimination and hostile work environment.

173.     These retaliatory actions against Plaintiff JOSEPH would deter a reasonable person from making or maintaining a complaint of discrimination or harassment against Defendant.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully retaliated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A THIRTEENTH CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER FCRA

174.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 70 above.

175.     The Florida Civil Rights Act prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

176.     Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered, and that the working environment was intimidating, hostile or abusive.

177.     The harassing conduct was directly connected to Plaintiff JOSEPH'S gender.

178.     Defendant delegated MUNOZ the supervisory authority to control Plaintiff
JOSEPH' work environment. Defendant abused that authority by creating a hostile work
environment. A reasonable person subjected to Plaintiff JOSEPH' working environment
would believe Defendant's conduct was severe or pervasive enough to have altered the
terms and conditions of employment and render the working environment intimidating,
hostile or abusive.

179.     As a result of Defendant's violations of FCRA, Plaintiff JOSEPH has suffered
damages, including, but not limited to: past and future lost wages, mental pain and
suffering; humiliation; emotional distress; diminishment of career opportunities; harm to
business reputation; loss of self-esteem; disruption to her family life; and other harm, pain
and suffering, both tangible and intangible.

## AS A FOURTEENTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

180.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1
through paragraphs 70 above.

181.     At all times relevant, Defendant has a duty to provide Plaintiff JOSEPH with a safe
and lawful workplace.

182.     At all times relevant, Defendant had a duty to protect Plaintiff JOSEPH from
attacks, harassment, retaliation and other tortious and unlawful acts by Defendant's agents,
managers and employees.

183.     Defendant breached their aforementioned duties to Plaintiff JOSEPH by allowing,
retaining, failing to supervise and prevent the harassment and other tortious and unlawful
acts alleged above.

184.     Defendant was on notice by way of Plaintiff JOSEPH' complaints of discrimination and a hostile work environment.

185.     Defendant's employees began engaging in behaviors such as physically bumping Plaintiff JOSEPH as a result of her complaints.

186.     Defendant failed to respond to Plaintiff JOSEPH' calls for support after her complaints of discrimination and harassment.

187.     As a result of Defendant's actions and breaches as alleged in this Count, Plaintiff JOSEPH has been injured and has suffered damages, including severe emotional distress and mental anguish, pain and suffering, loss of capacity for enjoyment of life, loss of self-esteem, and economic damages.

## AS A FIFTEENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

188.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 70 above.

189.     Defendant intended to cause or engaged in a course or engaged in a course of conduct in reckless disregard of the probability of causing severe emotional distress to Plaintiff JOSEPH when Defendants harassed, assaulted, humiliated, discharged, and retaliated against Plaintiff JOSEPH.

190.     At all times relevant, Defendant was in a position of extreme power and influence over important aspects of Plaintiff JOSEPH' life, including her family's livelihood and their health.

191.     As a result of Defendant's actions as alleged in this Count, Plaintiff JOSEPH has been injured and has suffered damages, including severe emotional distress and mental

anguish, pain and suffering, loss of capacity for enjoyment of life, loss of self-esteem, and economic damages.

192.      Plaintiff JOSEPH demands from Defendant, all relief that is just and equitable, including compensatory damages, plus the taxable costs of this action.

### JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:  Miami, Florida
        November 15, 2019

                              DEREK SMITH LAW GROUP, PLLC
                              Attorneys for Plaintiffs

                              By: _____
                                 /Tiffani-Ruth I. Brooks, Esq.
                                 tiffani@dereksmithlaw.com
                                 701 Brickell Avenue, Suite 1310
                                 Miami, FL 33186
                                 (305) 946-1884